IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 5 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00206-BNB

RAYMOND ANTHONY LEWIS, On Behalf of Himself & the Inmates in Denver's Jails who are or may in the Future be Incarcerated at the Adams County Detention Facility in Brighton, Colorado,

Plaintiff,

v.

R. A. REIGENBORN, Sergeant, Adams County Sheriff's Office, Colorado,
(N/A) "KONDOS," Deputy, Adams County Sheriff's Office, Colorado,
(N/A) GOODMAN, Deputy, Adams County Sheriff's Office, Colorado,
AL MILLER, Sergeant, Adams County Sheriff's Office, Colorado,
(N/A) "SISKA," Sergeant, Adams County Sheriff's Office, Colorado, and
MELANIE GREGORY, Technical Services Manger [sic] for ACDF, In Their Individual and Official Capacities,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff currently is incarcerated at the Adams County Detention Facility. On January 25, 2006, Plaintiff submitted a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 to the Court. The Court must construe the Complaint liberally, because Plaintiff is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint and state each claim succinctly as opposed to presenting a

redundant narrative of events that have taken place at the Adams County Detention Center. Plaintiff also will be ordered to state specifically how he has exhausted administrative remedies for each claim he raises.

The twin purposes of a complaint are (1) to give the opposing parties fair notice of the basis for the claims against them so that they may respond and (2) to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Lewis's Complaint is verbose and unnecessarily long. The Complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. See Fed. R. Civ. P. 8(a)(2). Although Plaintiff only identifies three claims, each claim has several subclaims. It is Mr. Lewis's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants

nor the Court is required to do this work for him. Mr. Lewis must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Furthermore, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Section 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Plaintiff has not exhausted administrative remedies with respect to each claim he asserts, the entire Complaint must be dismissed.

Plaintiff has submitted copies of only two different grievances. Because the Court is not able to discern all of Plaintiff's claims, it is not possible to determine whether or not he has exhausted all of the claims he raises. Plaintiff, therefore, will be directed to amend, separate each claim, state which Defendant is responsible for the violations raised in each claim, and state with specificity how he has exhausted each claim that he raises. Accordingly, it is

ORDERED that Plaintiff Lewis file **within thirty days from the date of this Order** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and with this Order and that states with specificity, with respect to each claim raised, how Plaintiff has exhausted his administrative remedies. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Lewis, together with a copy of this Order, two copies of a Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Lewis fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED February 15, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-000206-BNB

Raymond Anthony Lewis
Prisoner No. 05-12725
ACDF – Unit A-3-34
150 N. 19th Ave.
Brighton, CO 80601-1951

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/15/06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk